**Slip Op. 07-161**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE RICHARD W. GOLDBERG, SENIOR JUDGE**

| |  |
|---|---|
| SNR ROULEMENTS, KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., NSK CORP., NSK BEARINGS EUROPE, LTD., NSK LTD., NTN-BCA CORP., NTN BOWER CORP., NTN-DRIVESHAFT, INC., AMERICAN NTN BEARING MANUFACTURING CORP., NTN BEARING CORP. OF AMERICA, NTN CORP., INA-SCHAEFFLER KG, INA USA CORP., <br><br>        Plaintiffs, <br><br>        v. <br><br>UNITED STATES, <br><br>        Defendant, <br><br>        and <br><br>TIMKEN U.S. CORP., <br>*f/k/a "THE TORRINGTON COMPANY"* <br><br>        Defendant-Intervenor. | Consol. Court No. 01-00686 |

[Plaintiffs' Motion for Extension of Preliminary Injunction is denied]

Dated: November 2, 2007

<u>Grunfeld, Desiderio, Lebowitz & Silverman & Klestadt, LLP</u> (<u>Bruce Mitchell</u>) for Plaintiff SNR Roulements.

<u>Sidley Austin Brown & Wood, LLP</u> (<u>Neil R. Ellis</u>) for Plaintiffs Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.

<u>Crowell & Moring, LLP</u> (<u>Matthew P. Jaffe</u> and <u>Robert A. Lipstein</u>) for Plaintiffs NSK Corporation, NSK Bearings Europe, Ltd., and NSK Ltd.

<u>Baker & McKenzie, LLP</u> (<u>Donald J. Unger</u>, <u>Diane Alexa MacDonald</u> and <u>Louisa Vassilova Carney</u>) for Plaintiffs NTN-BCA Corporation, NTN

Bower Corporation, NTN-Driveshaft, Inc., American NTN Bearing Manufacturing Corp., NTN Bearing Corporation of America and NTN Corporation.

<u>Sonnenschein Nath & Rosenthal</u> (<u>Stephen L. Gibson</u>) for Plaintiffs INA-Schaeffler KG and INA USA Corporation.

<u>Michael F. Hertz</u>, Deputy Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; (<u>Claudia Burke</u>); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (<u>Deborah King</u>), Of Counsel, for Defendant United States.

<u>Stewart & Stewart</u> (<u>Geert M. DePrest</u> and <u>William A. Fennell</u>) for Defendant-Intervenor Timken U.S. Corp.

## OPINION

**GOLDBERG, Senior Judge:** This case is before the Court on Plaintiffs' joint motion for extension of the existing preliminary injunction. Plaintiffs also request that this motion be heard on an expedited basis. For reasons indicated below, this Court denies Plaintiffs' motions.

## I. BACKGROUND

In September 2001, Koyo Seiko Co. Ltd., Koyo Corp. of U.S.A., NTN-BCA Corp., NTN Bower Corp., NTN-Driveshaft, Inc., American NTN Bearing Manufacturing Corp., NTN Bearing Corp. of America, and NTN Corp. (collectively "Plaintiffs") challenged the results of the Department of Commerce's ("Commerce") 11th administrative review of antidumping orders on ball bearings from Japan and other countries. This Court granted Plaintiffs' separate motions for preliminary injunction, enjoining Commerce from issuing liquidation instructions for the pendency of the action.

This Court remanded several issues to Commerce for reconsideration, eventually sustaining Commerce's remand results. See SNR Roulements v. United States, Slip. Op. 05-12, 2005 WL 189737 (CIT Jan. 27, 2005). Plaintiffs appealed to the Federal Circuit, which affirmed this Court in an unpublished opinion. See SNR Roulements v. United States, 210 Fed. Appx. 992 (Fed. Cir. 2006). Subsequently, Plaintiffs filed a motion for a panel rehearing. The Federal Circuit also denied this petition. See NSK Ltd. et al. v. United States, 2007 U.S. App. LEXIS 11681 (Fed. Cir. 2007). Plaintiffs next filed a writ of certiorari to the Supreme Court, which the Supreme Court denied on October 29, 2007.

During the course of the SNR Roulements litigation, the WTO Appellate Body found that the United States had acted inconsistently with the WTO antidumping agreement by utilizing zeroing procedures in administrative reviews. Appellate Body Report, United States—Measures Related to Zeroing and Sunset Reviews, WT/DS322/AB/R (Jan. 9, 2007). The United States announced "it intended to comply in this dispute with its WTO obligations and would be considering carefully how to do so." Dispute Settlement Body, Minutes of the Meeting, WT/DSB/M/226, ¶ 34 (Mar. 26, 2007). Additionally, the United States and Japan mutually agreed to provide the United States with a reasonable amount of time to consider its response to the DSB recommendations. This period will expire December 24, 2007.

Agreement on Reasonable Time, <u>United States—Measures Related to Zeroing and Sunset Reviews</u>, WT/DS322/20 (May 8, 2007).

## II. DISCUSSION

This Court may issue a preliminary injunction to enjoin the liquidation of covered entries. 19 U.S.C. § 1516a(c)(2) (2000); see <u>Yancheng Baolong Biochemical Prods. Co. v. United States</u>, 28 CIT 578, 581-82, 343 F. Supp. 2d 1226, 1229 (2004). Under such an injunction, all enjoined entries "shall be liquidated in accordance with the final court decision in the action." 19 U.S.C. § 1516a(e)(2). A decision becomes final when it can no longer be appealed, and the preliminary injunction dissolves at this point. <u>Fujitsu Gen. Am., Inc. v. United States</u>, 283 F.3d 1364, 1379 (Fed. Cir. 2002). Accordingly, the Supreme Court's decision to deny certiorari terminates the current preliminary injunction, and constitutes a final decision mandating liquidation under § 1516a(e)(2).

Even if it could be argued that this Court had the inherent authority to modify an injunction beyond the final decision in an action, it would not grant Plaintiffs' motion. Courts have the "discretion to modify injunctions for changed circumstances." <u>Aimcor, Ala. Silicon, Inc. v. United States</u>, 23 CIT 932, 938, 83 F. Supp. 2d 1293, 1299 (1999) (<u>citing</u> <u>Sys. Fed'n No. 91 v. Wright</u>, 364 U.S. 642, 647 (1961)). However, the party seeking to modify a preliminary injunction bears the burden of establishing

a change in circumstances.  Favia v. Ind. Univ. of Pa., 7 F.3d 332, 340 (3d Cir. 1993).  Plaintiffs argue that Commerce's statement indicating their intent to comply with the WTO Appellate Body decision merits extension of the current injunction.

Plaintiffs' argument is unavailing in light of the recent decision in Corus Staal BV v. United States.  2007 WL 2741470 (Fed. Cir. Sept. 21, 2007).  In Corus Staal, an importer argued that the Federal Circuit should remand the final results of an administrative review in light of U.S. statements indicating Commerce was considering abandoning zeroing methodology, which are the same statements at issue in this case.  The Federal Circuit noted that the United States has stated it "'intends to comply in this dispute with its WTO obligations,' [and] 'it will be considering carefully how to do so.'"  Id. at *3.  Clearly, "[t]hose statements do not amount to the unequivocal adoption of the WTO decision."  Id. (citation omitted).  The Court also noted that Commerce had specifically declined to change its policy, because no change had been made to its zeroing methodology within the context of administrative reviews.

More recently, in its 17th administrative review of antidumping duties on ball bearings, Commerce addressed similar comments arguing that Commerce's current interpretation of the statute is unreasonable in light of the recent DSB recommendations concerning zeroing.  See Issues and Decision Memorandum, Ball Bearings and Parts Thereof from France, Germany,

Italy, Japan, Singapore, and the United Kingdom, A-100-101 (Oct. 12, 2007), at 9, available at http://ia.ita.doc.gov/frn/summary/multiple/E7-2015101.pdf. Commerce justified the continuing use of the current approach by explaining that "because no change has yet been made with respect to the issue of 'zeroing' in administrative reviews, the Department has continued with its current approach to calculating and assessing antidumping duties for those administrative reviews." Id.

In light of Corus Staal and Commerce's recent statements, it is clear that no change in circumstances has occurred. The fact that the United States has stated that it will consider the DSB recommendations, and has agreed to do so within a set time frame, do not constitute changed circumstances as to merit modification of the preliminary injunction.

### III. CONCLUSION

In light of the foregoing, Plaintiffs' motion for extension of the preliminary injunction is denied.[1]  A separate order will be issued in accordance with this opinion.

/s/ Richard W. Goldberg

**Richard W. Goldberg
Senior Judge**

**Date:     November 2, 2007
           New York, New York**

---

[1] This Court need not discuss Plaintiffs' additional motions for expedited briefing and for a hearing in light of this opinion.

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE RICHARD W. GOLDBERG, SENIOR JUDGE**

| | |
|---|---|
| SNR ROULEMENTS, KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., NSK CORP., NSK BEARINGS EUROPE, LTD., NSK LTD., NTN-BCA CORP., NTN BOWER CORP., NTN-DRIVESHAFT, INC., AMERICAN NTN BEARING MANUFACTURING CORP., NTN BEARING CORP. OF AMERICA, NTN CORP., INA-SCHAEFFLER KG, INA USA CORP., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> TIMKEN U.S. CORP., <br> f/k/a *"THE TORRINGTON COMPANY"* <br><br> Defendant-Intervenor. | Consol. Court No. 01-00686 |

**ORDER**

Upon consideration of Plaintiffs' Joint Motion for Extension of Preliminary Injunction, Joint Request for Emergency Hearing on Joint Motion for Extension of Preliminary Injunction, and Joint Request for Order to Show Cause Why Joint Motion for Extension of Preliminary Injunction Should Not Be Heard on an Expedited Basis, Defendant United States' and Defendant-Intervenor Timken U.S. Corp.'s Responses thereto, and all accompanying papers, and upon due deliberation, it is hereby:

**ORDERED** that Plaintiffs' Joint Motion for Extension of Preliminary Injunction is **DENIED**; it is further

**ORDERED** that Plaintiffs' Joint Request for Emergency Hearing on Joint Motion for Extension of Preliminary Injunction is **DENIED;** it is further

**ORDERED** that Plaintiffs' Joint Request for Order to Show Cause Why Joint Motion for Extension of Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

                                              /s/ Richard W. Goldberg
                                                  **Richard W. Goldberg**
                                                    **Senior Judge**

**Date:**     **November 2, 2007**
            **New York, New York**

# NOTICE OF ENTRY AND SERVICE

  This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

  Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

              or

  Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                     Tina Potuto Kimble
                     Clerk of the Court


Date: _____  By: _____
                     Deputy Clerk